## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PUBLIC EMPLOYEES FOR ENVIRONMENTAL)
RESPONSIBILITY,                    )
2000 P Street, NW, Suite 240       )
Washington, D.C. 20036             )
                                   )
         Plaintiff,                )
                                   )
    v.                             )        Civil Action #
                                   )
U. S. Fish and Wildlife Service,   )
1849 C Street, NW                  )
Washington, DC 20240               )        **COMPLAINT**
                                   )
         Defendant.                )


### PRELIMINARY STATEMENT

1.    This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552,

*et seq.*, as amended, in order to compel the U.S. Fish and Wildlife Service ("FWS") to

disclose records wrongfully withheld after two separate FOIA requests and subsequent

appeals from Plaintiff. FOIA requires that federal agencies respond to public requests for

documents, including files maintained electronically, in order to increase public

understanding of the workings of government and access to government information.

2.    Plaintiff Public Employees for Environmental Responsibility ("PEER") is a non-profit

organization with tax-exempt status dedicated to research and public education

concerning the activities and operations of the federal government. Plaintiff's first

request sought the subject records to clarify and document FWS's actions and policies on

signage and speed limits used in its efforts to prevent boating-induced manatee mortality. Plaintiff's second request sought the subject records to clarify and document FWS's efforts to protect manatees from harassment caused by "swim-with" interactions with humans. In both instances, the requested information will help the public understand the strategies and policies – and the results of the strategies and policies – FWS uses in its protection of manatees – a much-loved and high profile endangered species. Moreover, the public trust is well served by knowing the extent to which FWS implements, or fails to implement, its key statutory responsibilities.

3.      Plaintiff submitted two FOIA requests to FWS dated February 20, 2007 ("signage FOIA"), and February 21, 2007 ("swim FOIA"), and asked for a fee waiver in each instance. After FWS failed to respond to either request, Plaintiff appealed the constructive denial of its requests. The Department of the Interior's ("DOI") Office of the Solicitor ("Solicitor") subsequently informed Plaintiff that FWS claimed that it had never received either of Plaintiff's FOIA requests. The Solicitor advised Plaintiff that it would treat each of Plaintiff's appeals as a new FOIA request and would forward them to FWS. In June 2007, FWS formally acknowledged receipt of each of PEER's "new" FOIA requests.

4.      In separate letters dated July 13, 2007, FWS informed Plaintiff that it would not meet statutory time limits for responding to either FOIA request, but assured Plaintiff that all releasable records would be sent at the earliest possible date. Almost two months passed with no further contact from FWS and no response to Plaintiff's telephone inquiries about when to expect delivery of records. On September 7, 2007 and September 10, 2007,

2

Plaintiff appealed FWS's constructive denial of its signage FOIA and swim FOIA, respectively. In separate letters dated September 11, 2007, FWS provided an "interim response" to each FOIA request, stating in each instance that FWS needed additional time to collate, process, and review before it would release a final response. By letter dated October 11, 2007, the Solicitor advised Plaintiff that FWS had to process one other pending FOIA request before it could finish processing Plaintiff's signage FOIA request. The Solicitor stated that it had directed FWS to issue a response as soon as possible and said it "hope[d]" Plaintiff would delay filing a lawsuit so that FWS could finish processing Plaintiff's signage FOIA. To date, Plaintiff has never received a response to its swim FOIA appeal.

5.     In a show of good faith, Plaintiff afforded FWS ample time beyond that legally required to respond to its FOIA requests.  It has been over one year since Plaintiff initiated its FOIA requests and over seven (7) months since FWS "officially" received Plaintiff's FOIA requests.  Over three (3) months have passed since the Solicitor advised Plaintiff of its right to seek judicial review of the signage FOIA, and over four (4) months have passed with no response whatsoever to Plaintiff's appeal on its swim FOIA.

6.     FWS's conduct is arbitrary and capricious and amounts to a denial of Plaintiff's FOIA requests. FWS's conduct frustrates Plaintiff's efforts to educate the public regarding FWS's efforts to protect manatees and FWS's overall ability to meet its statutory responsibilities.

7.     Plaintiff seeks a court order requiring FWS to immediately produce the documents sought in both the signage and swim FOIA requests, as well as other appropriate relief.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action under the Freedom of Information Act, 5

U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action under 28 U.S.C. §

1331 (federal question jurisdiction).

9.      This Court has the authority to grant declaratory relief under the Declaratory Judgment

Act, 28 U.S.C. § 2201, *et seq.*

10.     This Court has the authority to award costs and attorneys' fees under 28 U.S.C. § 2414

and 5 U.S.C. § 552(a)(4)(E).

11.     Venue is properly vested in this Court under 28 U.S.C. § 1391(e), because the Defendant

resides in this district and a substantial part of the events and omissions which gave rise

to this action occurred in this district. Venue is also proper under 5 U.S.C. §

552(a)(4)(B).

## PARTIES

12.     Plaintiff PEER is a non-profit public interest organization, with its main office located

Washington, D.C., and field offices located in California, Colorado, Florida,

Massachusetts, New Mexico, New Jersey, and Tennessee.

13.     PEER is not a commercial enterprise for purposes of the fee waiver provisions of FOIA.

*See* 5 U.S.C. § 552(a)(4)(A)(iii). Among other public interest projects, PEER engages in

advocacy, research, education, and litigation relating to the promotion of public

understanding and debate concerning key current public policy issues, focusing on the environment, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government.

14.    Informing the public about these important public policy issues is central to PEER's mission.  PEER educates and informs the public through news releases to the media, PEER's web site www.peer.org, which draws between 1,000 and 10,000 viewers per day, and PEER's newsletter which has a circulation of approximately 20,000, including 1,500 environmental journalists.

15.    Defendant FWS is an agency of the United States as defined by 5 U.S.C. § 552(f)(1), and is charged with the duty to provide public access to documents in its possession consistent with the requirements of the FOIA and is denying Plaintiff access to its records in contravention of federal law.

**FACTS**

16.    Plaintiff submitted two separate but related FOIA requests to FWS dated February 20, 2007 ("signage FOIA"), and February 21, 2007 ("swim FOIA"), and asked for a fee waiver in each instance. FWS did not respond to either FOIA request and Plaintiff appealed the constructive denial of its requests on April 23, 2007 (signage FOIA), and May 7, 2007 (swim FOIA), respectively. The Department of the Interior ("DOI") Office of the Solicitor ("Solicitor") acknowledged receipt of each appeal in separate letters

dated May 1 and May 15. The Solicitor assigned the signage FOIA appeal number 2007-108, and the swim FOIA appeal number 2007-115.

17. In separate letters dated May 30, 2007, and June 8, 2007, the Solicitor informed Plaintiff that it had contacted FWS and FWS stated that it had never received either the swim FOIA or the signage FOIA, respectively. In the May 30, 2007 letter, DOI advised Plaintiff that it would treat appeal #2007-115 as a new swim FOIA request and would forward the request to FWS. In the June 8, 2007 letter, DOI advised Plaintiff that it would treat appeal #2007-108 as a new signage FOIA request and would forward the request to FWS.

18. Because neither appeal #2007-115 or appeal #2007-108 included the fee waiver request found in each of Plaintiff's original FOIA requests (no reason to appeal something that had not been ruled on), the fee waiver request was not included in either "new" FOIA request forwarded by DOI to FWS. Also found in each of Plaintiff's original FOIA requests but missing from the "new" FOIA requests was Plaintiff's request for an index itemizing and describing any documents or portions of documents FWS chose to withhold, commonly referred to as a *Vaughn* Index. <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973), <u>cert. denied</u>, 415 U.S. 977 (1974).

19. The initiation date for each of Plaintiff's original FOIA requests and the eventual FWS Request Number for each of Plaintff's "new" FOIA requests (the appeals DOI forwarded to FWS) are:

(1) February 20, 2007 PEER FOIA; FWS Request #2007-00733

(2) February 21, 2007 PEER FOIA; FWS Request #2007-00702

6

<u>**February 20, 2007 PEER FOIA, FWS Request # 2007-00733**</u>

20.    Plaintiff's FOIA Request #2007-00733 sought the following information relating to

FWS's efforts to prevent boating-induced manatee mortality: (1) Status reports

concerning the existence, repair needs, or visibility of manatee-related speed limit or

warning signs in Florida waters, (2) Summaries of funds expended, regardless of agency

source, on erection, replacement, repair or maintenance of such signage, (3) Any

evaluations of the efficacy of such signage in preventing death or injuries to manatees,

including any evaluation of signage adequacy per the interim agreement based on the

settlement of Save the Manatee Club, et al v. Ballard, et al (No. 1:00CV00076);

describing, in particular, those areas assessed to have inadequate signage, (4) Any

interagency agreements relating to construction, installation and maintenance of such

signage, and (5) Any FWS recommendations or policies on the setting of specific speed

limits in particular water-bodies.

21.    Plaintiff's original February 20, 2007 FOIA request limited the requests to all records on

the identified topics dating from January 1, 2004. This limitation is not reflected in FWS

Request #2007-00733.

22.    In a memo date stamped June 15, 2007, FWS FOIA Officer Johnny R. Hunt forwarded

Plaintiff's FOIA request to the Region 4 FOIA Officer. Plaintiff did not receive a formal

acknowledgment of receipt letter from FWS regarding this FOIA request (unlike

Plaintiff's FOIA Request #2007-00702 – see Item 33 below).

23.    By letter dated July 13, 2007, FWS informed Plaintiff that it would not meet statutory

time limits for responding to the FOIA request. *See* 5 U.S.C. § 552(a)(6)(A)(i). FWS

assured Plaintiff that all releasable records would be sent at the earliest possible date and also advised Plaintiff of its right to appeal the delay.

24. By letter to DOI dated September 7, 2007, Plaintiff appealed the constructive denial of its FOIA request, citing FWS's lengthy delays in responding and the lack of a definite compliance date. At that point almost two months had passed with no further contact from FWS and no cogent response to Plaintiff's telephone inquiries about when Plaintiff could expect a response to the FOIA request.

25. In a letter dated September 11, 2007, FWS provided an "interim response" to Plaintiff's FOIA request.  FWS stated that it had completed the search portion of the process but that additional time was needed to collate, process, and review before FWS would release a final response.

26. By letter dated September 13, 2007, DOI's Office of the Solicitor acknowledged receipt of Plaintiff's FOIA appeal and assigned it appeal number 2007-183.

27. By letter dated October 11, 2007, the Solicitor advised Plaintiff that FWS had informed the Solicitor that the responsible FWS field office had one other FOIA request to process before it could finish processing Plaintiff's FOIA request.  The Solicitor stated that it had directed FWS to issue a response to Plaintiff as soon as possible, and further advised that Plaintiff could pursue judicial review of FWS's constructive denial of its FOIA request under 5 U.S.C. § 552(a)(4)(B). The Solicitor added that it hoped Plaintiff would delay filing a lawsuit so FWS could finish processing Plaintiff's FOIA request.

28.    FWS did not adequately respond to Plaintiff's September 7, 2007 appeal, nor did it

provide the requested documents.  In so doing, FWS failed to meet the twenty (20) day

limit FOIA imposes for responding to an appeal. *See* 5 U.S.C. § 552(a)(6)(A)(ii).

29.    It has been almost one year since Plaintiff initiated its signage FOIA request on February

20, 2007. Even assuming this Court gives credence to FWS's claim that it never received

Plaintiff's original signage FOIA request, it has still been over seven (7) months since

FWS officially received Plaintiff's FOIA request. It has now been over four (4) months

since FWS last contacted Plaintiff and over three (3) months since the Solicitor intimated

that FWS was close to providing a cogent response to Plaintiff's FOIA request.

30.    Plaintiff has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)

for its FOIA request, and now turns to this Court to enforce the remedies and public

access to agency records guaranteed by FOIA.

## February 21, 2007 PEER FOIA, FWS Request # 2007-00702

31.    Plaintiff's FOIA Request #2007-00702 sought the following information regarding

FWS's position on manatee harassment resulting from "swim-with" interactions with

humans: All policy statements, correspondence or other communications between, to and

from FWS personnel concerning harassment involving swim-with interactions between

manatees and humans.

32.    In a memo date stamped June 6, 2007, FWS FOIA Officer Johnny R. Hunt forwarded

Plaintiff's FOIA request to the Region 4 FOIA Officer.

33.    By letter dated June 15, 2007, FWS acknowledged receipt of Plaintiff's FOIA request

and advised that since 20 working days is the normal time for processing a request,

Plaintiff should receive a response no later than July 16, 2007.

34.    By letter dated July 13, 2007, FWS informed Plaintiff that it would not meet statutory

time limits for responding to the FOIA request. *See* 5 U.S.C. § 552(a)(6)(A)(i). FWS

assured Plaintiff that all releasable records would be sent at the earliest possible date and

also advised Plaintiff of its right to appeal the delay.

35.    By letter to DOI dated September 10, 2007, Plaintiff appealed the constructive denial of

its FOIA request, citing FWS's lengthy delays in responding and the lack of a definite

compliance date. At that point almost two months had passed with no further contact

from FWS and no cogent response to Plaintiff's telephone inquiries about when Plaintiff

could expect a response to its FOIA request.

36.    By letter dated September 11, 2007, FWS provided an "interim response" to Plaintiff's

FOIA request.  FWS stated that it had completed the search portion of the process but

that additional time was needed to collate, process, and review before FWS would release

a final response.

37.    To date, Plaintiff has received no further contact from either FWS or the Solicitor

regarding its swim FOIA request or acknowledging its appeal regarding that request.

38.    FWS did not adequately respond to Plaintiff's September 10, 2007 appeal, nor did it

provide the requested documents.  In so doing, FWS failed to meet the twenty (20) day

limit FOIA imposes for responding to an appeal. *See* 5 U.S.C. § 552(a)(6)(A)(ii).

39.     It has been almost one year since Plaintiff initiated its swim FOIA request on February

        21, 2007. Even assuming this Court gives credence to FWS's claim that it never received

        Plaintiff's original swim FOIA request, it has still been over seven (7) months since FWS

        formally acknowledged receipt of Plaintiff's FOIA request on June 15, 2007. It has now

        been over four (4) months since FWS last contacted Plaintiff and since Plaintiff appealed

        the constructive denial of its swim FOIA request.

40.     Plaintiff has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)

        for its FOIA request, and now turns to this Court to enforce the remedies and public

        access to agency records guaranteed by FOIA.


## CAUSES OF ACTION

### Count I: Violation of the Freedom of Information Act: FOIA Request # 2007-00733

41.     Plaintiff repeats the allegations in paragraphs 1 through 30.

42.     FWS's failure to disclose the requested documents is a violation of FOIA, 5 U.S.C. §

        552, and the agency's own regulations promulgated thereunder.

### Count II: Violation of the Administrative Procedure Act: FOIA Request #2007-00733

43.     Plaintiff repeats the allegations in paragraphs 1 through 30.

44.     FWS's failure to disclose documents responsive to Plaintiff's request constitutes agency

        action unlawfully withheld and unreasonably delayed, in violation of the Administrative

        Procedure Act (APA), 5 U.S.C. §§ 701-706. FWS's failure in this matter is arbitrary,

capricious, an abuse of discretion, not in accordance with the law and without observance of procedure required by law, all in violation of the APA.

### Count III: Violation of the Freedom of Information Act: FOIA Request #2007-00702

45.    Plaintiff repeats the allegations in paragraphs 1 through 19 and 31 through 40.

46.    FWS's failure to disclose the requested documents is a violation of FOIA, 5 U.S.C. § 552, and the agency's own regulations promulgated thereunder.

### Count IV: Violation of the Administrative Procedure Act: FOIA Request #2007-00702

47.    Plaintiff repeats the allegations in paragraphs 1 through 19 and 31 through 40.

48.    FWS's failure to disclose documents responsive to Plaintiff's request constitutes agency action unlawfully withheld and unreasonably delayed, in violation of the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706. FWS's failure in this matter is arbitrary, capricious, an abuse of discretion, not in accordance with the law and without observance of procedure required by law, all in violation of the APA.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests and prays that this Court:

 i.    Enter an Order declaring that FWS has wrongfully withheld the requested agency records;

 ii.    Issue a permanent injunction directing FWS to disclose to Plaintiff all wrongfully withheld documents;

iii.    Maintain jurisdiction over this action until FWS is in compliance with FOIA, APA and every order of this Court;

iv.    Enter an Order declaring that Plaintiff is entitled to a full fee waiver under 5 U.S.C. § 552 (a)(4)(A)(iii) for both of Plaintiff's FOIA requests to the extent that FWS does not provide a full fee waiver for both of Plaintiff's requests;

v.    Award Plaintiff its attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

vi.    Grant such additional and further relief to which Plaintiff may be entitled.

Dated: Washington, D.C.
January 22, 2008

Respectfully submitted,


\_\_/s/ Paula Dinerstein_____
Paula Dinerstein, DC Bar No. 333971
Senior Counsel
Public Employees for Environmental Responsibility
2000 P Street, NW, Suite 240
Washington, D.C. 20036
(202) 265-7337


\_\_/s/ Adam Draper_____
Adam E. Draper, DC Bar No. 974880
Staff Counsel
Public Employees for Environmental Responsibility
2000 P Street, NW, Suite 240
Washington, D.C. 20036
(202) 265-7337


Attorneys for Plaintiff

# CIVIL COVER SHEET

JS-44
(Rev. 2/01 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Public Employees for Environmental Responsibility  11001 | U.S. Fish and Wildlife Service |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___11001___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___11001___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: In land condemnation cases, use the location of the tract of land involved.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Paula Dinerstein & Adam E. Draper
Public Employees for Environmental Responsibility
2000 P Street NW, Suite 240
Washington, DC 20036
(202) 265-7337

ATTORNEYS (IF KNOWN)

Case: 1:08-cv-00126
Assigned To : Bates, John D.
Assign. Date : 1/22/2008
Description: FOIA/PA

## II BASIS OF JURISDICTION
(SELECT ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP (FOR DIVERSITY ... ONE FOR DEFENDANT)

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Select one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ○ A. Antitrust | ○ B. Personal Injury/ Malpractice | ○ C. Administrative Agency Review | ○ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil |
|---|

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| G. Habeas Corpus/2255 | H. Employment Discrimination | I. FOIA/PRIVACY ACT | J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| K. Labor/ERISA (non-employment) | L. Other Civil Rights (non-employment) | M. Contract | N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

U.S. Fish and Wildlife Service violated the Freedom of Information Act, 5 U.S.C. § 552, by failing to timely disclose records requested by Plaintiff.

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    DEMAND $ _____ Select YES only if demanded in complaint

JURY DEMAND: ☐ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)    ☐ YES  ☒ NO    If yes, please complete related case form.

DATE  January 22, 2008    SIGNATURE OF ATTORNEY OF RECORD  *Paula Dinerstein*

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

