UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Public Employees For Environmental Responsibility | ) ) |
| Plaintiff - | ) |
| v. | ) |
| | ) Civil Action No. 1:08-cv-00126(JDB) |
| | )         (ECF) |
| U.S. Fish and Wildlife Service | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MOTION TO EXTEND TIME TO FILE ANSWER OR OTHERWISE RESPOND

Defendants, U.S. Fish and Wildlife Services (USFAW), by and through undersigned counsel, hereby move for a 120 day extension of time to file their answer or otherwise respond to Plaintiffs complaint, through and including July 1, 2008.  Good cause exists to grant this motion.

1. Defendants' response to Plaintiff's complaint is due on March 3, 2008.

2. Defendants require additional time to file a response. Undersigned counsel has been advised by USFAW that, that due to the voluminous nature of the request, it is still being processed and  responsive information is forthcoming. However, additional processing time will be required, as plaintiff is seeking correspondence documents going back to January 2004 under two different request. (See declaration of Charles Underwood ¶ 4 & 5  exhibit 1).

3. Additionally one request consist of 450 documents and the second request consist of 900 documents (See Id. ¶ 7).  At the time the requests were made the USFAW  also had to respond to three Court driven deadlines (See Id ¶9).  Charles G. Underwood, Jr. was the designated employee in his office that handles all FOIA request at the time of the request were made and was the only person in his office that coordinates searches for responsive documents prior to release (See Id. ¶6).

Therefore, this extension is necessary to enable Defendant to process, review and make preliminary field office decisions of the materials and forward them to plaintiff, in order to possibly avoid further litigation

  4.  By letter dated July 13, 2007 and September 11, 2007 USFAW advised Plaintiff of the status of their request, that it was being processed and that it would not be able would not be able to respond within the established FOIA time limits. (See status July 13, 2007 letter exhibit A and September 11, 2007 status letter exhibit B).  USFAW estimates that both request can be completed and sent to plaintiff, no later than July 1, 2008.  Therefore a request is made

  5.  Undersigned counsel has conferred with Plaintiff's counsel pursuant to Local Rule 7(m) and Plaintiff's counsel does not object any enlargement of time.

  6.  This is the first request made for an extension of the response deadline.

  WHEREFORE, Defendants request that this enlargement be granted, and that the date for the response to the complaint be extended to July 1, 2008.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR No. 434122
Assistant United States Attorney


_____/s/_____
Raymond A. Martinez
Special Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C.  20530
(202) 514-9150

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of February, 2008, I caused the foregoing *Motion to Extend Time* to be served on *attorneys for* Plaintiff, postage prepaid, addressed as follows:

Paula Dinerstein & Adam E. Draper
Counsel for Plaintiff
Public Employees for Environmental Responsibility
2000 P Street, NW Suite 240
Washington, D.C. 20036
202-265-7337

                                               /s/
                                          Raymond A. Martinez
                                          Special Assistant United States Attorney
                                          555 4th Street, NW
                                          Civil Division
                                          Washington, D.C.  20530
                                          (202) 514-9150
                                          (202) 514-8780 (facsimile)

### UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

PUBLIC EMPLOYEES FOR ENVIRONMENTAL )
RESPONSIBILITY, )
2000 P Street, NW, Suite 240 )
Washington, D.C. 20036 )
)
      Plaintiff, )
)
v. ) Civil Action #
)
U.S. FISH AND WILDLIFE SERVICE )
1849 C Street, NW )
Washington, D.C. 20240 )
)
      Defendants. )
)

### DECLARATION OF CHARLES G. UNDERWOOD JR.

I, Charles G. Underwood Jr., hereby declare as follows:

1.    I have worked for the U.S. Fish and Wildlife Service (FWS) for eight (8) years. I am the Public Information Officer of the North Florida Ecological Services Office and have served in this position since January 2, 2000. All information herein is based upon my personal knowledge and 35 years of public information officer experience processing Freedom of Information Act requests, as well as my personal knowledge, experience and review of Public Employees for Environmental Responsibility's (PEER) FOIA requests originally dated February 20 and February 21, 2007, and other information furnished to me in my official capacity.



2.  The Department operates a decentralized FOIA program, in which the various bureaus, activities, and agency components separately process and respond to FOIA requests addressed to them.

3.  Since receiving the FOIA requests that are the basis of this litigation I have coordinated the search for documents responsive to the plaintiff's two requests: 1) FWS RO/FO 2007-00754 and 2) FWS RO/FO 2007-00746

4.  The first request, FWS RO/FO 2007-00746 (received by my regional FWS headquarters on June 8, 2007 and received in my office on June 25, 2007; original request letter dated February 21, 2007) (hereinafter referred to as the Swim Request), seeks "all policy statements, correspondence or other communication between, to and from FWS personnel concerning harassment involving swim-with interactions between manatees and humans." The time period covered by this request is January 1 2004 - to the present (June 25, 2007) (hereinafter referred to as the Swim Request).

5.  The second request, FWS RO/FO 2007-00754 (received by my regional FWS headquarters on or about June 15, 2007 and received in my office on June 20, 2007; originally request letter dated February 20, 2007) (hereinafter referred to as the Signage Request), seeks "1. [s]tatus reports concerning the existence, repair needs, or visibility of manatee-related speed limit or warning signs in Florida waters; 2. [s]ummaries of funds expended, regardless of agency source, on erection, replacement, repair or maintenance of such signage; 3. [a]ny evaluations of the efficacy of such signage in preventing death or injuries to manatees, including any evaluation of signage adequacy per the interim agreement based on the settlement of Save the Manatee Club v. Ballard, et al (No.1:00CV00076). Describe, in particular, those areas assessed to have inadequate signage; 4. [a]ny interagency agreements relating to construction, installation and maintenance of such signage; and 5. [a]ny FWS recommendations or

2

policies on the setting of specific speed limits in particular water bodies." The time period covered by this request is January 1, 2004 to the present (June 20, 2007).

6.  At the time these two requests were received by my office through to the present day, I am the designated employee in my office for processing all FOIA requests. Thus, I am the only employee in my office that coordinates searches for responsive documents, reviews responsive documents prior to release, and makes preliminary field office decisions regarding whether any document or portion thereof can be withheld under a FOIA exemption.

7.  At the time my office received PEER's two requests, I had two (2) FOIA requests pending, of which one (1) was on the non-routine, substantial request track. DOI/FWS's policy is that FOIA requests in this track are answered on a first in, first out basis. Pursuant with Department regulations, PEER's requests were placed on the non-routine substantial request track due to the complexity and breadth of the search, and the requirement to coordinate searches among multiple offices. The Swim Request consists of approximately 450 documents and the Signage request consists of approximately 900 documents. Both requests covered the time frame of January 1, 2004 to "the present".

8.  Since receipt of PEER's requests, my office has received an additional 11 additional FOIA requests, of which two (2) are on the non-routine, substantial request track.

9.  At the time PEER's FOIA request was received and for several months thereafter, I also had to respond to three (3) court driven deadlines related to the Endangered Species Act five-year status reviews; processing a permit review action administrative record related to litigation; and was responsible for 2007 fiscal year end reporting requirements. In addition, as the Public Information Officer, I have other responsibilities, including the following primary roles: point contact for all media;

3

congressional affairs and liaison; strategic communications manager for federal conservation actions and issues within my office's area of responsibility; preparation, review and maintenance of field office internet presence; community and stakeholder relations; alternate information technology office support; and Florida liaison with my regional and Washington external affairs directorates.

10. My office responded to PEER's requests (in two separate letters) on July 13, 2007 and advised PEER that due to the broad nature of the request and need to coordinate responses from multiple offices, FWS would not be able to respond within the time limits established by FOIA (normally 20 working days, but 10 additional working days are provided for complex, substantial or voluminous requests). The letters are attached as Exhibit A.

11. On September 11, 2007, my office provided an interim report (in two separate letters) with respect to PEER's requests, advising that the I believed the search portion was completed, but the responsive documents still required review at both the staff and Office of the Solicitor levels. These letters are attached as Exhibit B.

10. At this time, the staff review of the Swim Request is nearing completion and will be forwarded to our regional solicitors in Atlanta for review within the next week to 10 days. I am in the initial stages of review of the Signage Request. It is my belief that both requests can be completed and sent to PEER (minus any documents withheld or redacted pursuant to one of the nine FOIA exemptions) no later than July 1, 2008.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22nd day of February, 2008.

*[signature]*

Charles G. Underwood Jr.
Public Information Officer
North Florida Ecological Services Office
U. S. Fish and Wildlife Service
Department of the Interior
6620 Southpoint Drive, South
Suite 310
Jacksonville, FL 32216



# United States Department of the Interior 

**FISH AND WILDLIFE SERVICE**
6620 Southpoint Drive, South
Suite 310
Jacksonville, Florida 32216-0912

IN REPLY REFER TO:
FWS/R4/ES/JA/PAO-9Z-0700754

July 13, 2007

Mr. Jeff Ruch
Public Employees for Environmental
    Responsibility (PEER)
200 P Street, NW
Washington, DC 20036

Dear Mr. Ruch:

This letter provides our initial response to your Freedom of Information Act (FOIA) request referred to us on June 20, 2007 via the U. S. Fish and Wildlife Service (Service) FOIA Officer and allegedly with the origination date of February 20, 2007 concerning records related to the Service's efforts to prevent boating-induced mortality of manatees.

Through the FOIA request you wanted to receive copies of

"...

1. Status reports concerning the existence, repair needs, or visibility of manatee-related speed limit or warning signs in Florida waters;
2. Summaries of funds expended, regardless of agency source, on erection, replacement, repair or maintenance of such signage;
3. Any evaluations of the efficacy of such signage in preventing death or injuries to manatees, including any evaluation of signage adequacy per the interim agreement based on the settlement of <u>Save the Manatee Club et al v. Ballard, et al</u> (No. 1:00CV00076). Describe, in particular, those areas assessed to have inadequate signage;
4. Any interagency-agreements relating to construction, installation and maintenance of such signage; and
5. Any FWS recommendations or policies on the setting of specific speed limits in particular water-bodies.

..."

Your request encompassed "...all records on the identified topics from January 1, 2004 until present."

The North Florida Ecological Services Office (ESO) in Jacksonville, FL, as the lead office for West Indian manatee recovery, is coordinating the response. Our search for records began on June 20, 2007.



GOVERNMENT
EXHIBIT
A

Because of the voluminous nature of your request, the fact that the records are located at multiple field offices and our regional and Washington offices, as well as a backlog of FOIA requests, additional time is necessary to search for, collect, and review the material to determine which records or portions thereof may be released. As such the North Florida ESO is unable to respond to your request within the time limits established by the FOIA.

Please be assured, however, that your request is being handled as equitably as possible and that all documents which can be released will be made available at the earliest possible date. All requests are handled in chronological order based upon the date of receipt.

You may appeal this delay in response by writing to the Freedom of Information Act Appeals Officer at the following address:

Department of the Interior
Office of the Solicitor
Division of Administration
1849 C Street, N.W.
Room 7456, Main Interior Building
Washington, D.C. 20240
(Attn: FOIA Appeals Office)

You may file an appeal for nonresponse any time after the statutory time limit, which may include the 10-workday time extension, for responding to your request has passed. The appeal letter and envelope should be marked "FREEDOM OF INFORMATION APPEAL." Your appeal should be accompanied by a copy of your original request and this letter, along with any information you have that leads you to believe the records do in fact exist, including where they might be found, if the location is known to you.

We regret the delay and appreciate your consideration in this matter. Should you have any additional questions, contact me at (904)-232-2580 ext. 109.

Sincerely,

David L. Hankla
Field Supervisor

cc:
FOIA Officer, USFWS Southeast
ARD-ES, USFWS Southeast



# United States Department of the Interior

**FISH AND WILDLIFE SERVICE**
6620 Southpoint Drive, South
Suite 310
Jacksonville, Florida 32216-0912



IN REPLY REFER TO:
FWS/R4/ES/JA/PAO-9Z-0700746

July 13, 2007

Mr. Jeff Ruch
Public Employees for Environmental
    Responsibility (PEER)
200 P Street, NW
Washington, DC 20036

Dear Mr. Ruch:

This letter provides our initial response to your Freedom of Information Act (FOIA) request dated May 31, 2007 concerning the position of the U. S. Fish and Wildlife Service (FWS) has taken on the subject of harassment involving swim-with interactions between manatees and humans.

Through the FOIA request you wanted to receive copies of

"... All policy statements, correspondence or other communications between, to and from FWS personnel concerning harassment involving swim-with interactions between manatees and humans. ..."

Your request encompassed "... all records on this subject from January 1, 2004 until present and includes all documents that ever have been within your custody or control, whether they exist in agency "working," investigative, retired, electronic mail, or other files currently or at any time."

The North Florida Ecological Services Office in Jacksonville, FL, as the lead office for West Indian manatee recovery, is coordinating the response. Our search for records began on June 25, 2007.

Because of the voluminous nature of your request, the fact that the records are located at multiple field offices and our regional and Washington offices, as well as a backlog of FOIA requests, additional time is necessary to search for, collect, and review the material to determine which records or portions thereof may be released. As such the North Florida ESO is unable to respond to your request within the time limits established by the FOIA.

Please be assured, however, that your request is being handled as equitably as possible and that all documents which can be released will be made available at the earliest possible date. All requests are handled in chronological order based upon the date of receipt.



GOVERNMENT EXHIBIT
A

You may appeal this delay in response by writing to the Freedom of Information Act Appeals Officer at the following address:

Department of the Interior
Office of the Solicitor
Division of Administration
1849 C Street, N.W.
Room 7456, Main Interior Building
Washington, D.C. 20240
(Attn: FOIA Appeals Office)

You may file an appeal for nonresponse any time after the statutory time limit, which may include the 10-workday time extension, for responding to your request has passed. The appeal letter and envelope should be marked "FREEDOM OF INFORMATION APPEAL." Your appeal should be accompanied by a copy of your original request and this letter, along with any information you have that leads you to believe the records do in fact exist, including where they might be found, if the location is known to you.

We regret the delay and appreciate your consideration in this matter. Should you have any additional questions, contact me at (904)-232-2580 ext. 109.

Sincerely,

David L. Hankla
Field Supervisor

cc:
FOIA Officer, USFWS Southeast
ARD-ES, USFWS Southeast





United States Department of the Interior

FISH AND WILDLIFE SERVICE
6620 Southpoint Drive, South
Suite 310
Jacksonville, Florida 32216-0912

IN REPLY REFER TO:
FWS/R4/ES/JA/PAO-9Z/0700754

September 11, 2007

Mr. Jeff Ruch
Public Employees for Environmental
    Responsibility (PEER)
200 P Street, NW
Washington, DC 20036

Dear Mr. Ruch:

This letter provides an interim response to your Freedom of Information Act (FOIA) request referred to us on June 20, 2007 via the U. S. Fish and Wildlife Service (Service) FOIA Officer and allegedly with the origination date of February 20, 2007 concerning records related to the Service's efforts to prevent boating-induced mortality of manatees.

Through the FOIA request you wanted to receive copies of

"...

1. Status reports concerning the existence, repair needs, or visibility of manatee-related speed limit or warning signs in Florida waters;
2. Summaries of funds expended, regardless of agency source, on erection, replacement, repair or maintenance of such signage;
3. Any evaluations of the efficacy of such signage in preventing death or injuries to manatees, including any evaluation of signage adequacy per the interim agreement based on the settlement of Save the Manatee Club et al v. Ballard, et al (No. 1:00CV00076). Describe, in particular, those areas assessed to have inadequate signage;
4. Any interagency-agreements relating to construction, installation and maintenance of such signage; and
5. Any FWS recommendations or policies on the setting of specific speed limits in particular water-bodies.

..."

Your request encompassed "...all records on the identified topics from January 1, 2004 until present."

As stated in our initial response, dated July 13, 2007, the North Florida Ecological Services Office in Jacksonville, FL, as the lead office for West Indian manatee recovery, is coordinating the response. Our search for records began on June 25, 2007.



GOVERNMENT
EXHIBIT
B

Because of the voluminous nature of your request, the fact that the records are located at multiple field offices and our regional and Washington offices, as well as a backlog of FOIA requests, additional time is necessary to search for, collect, and review the material to determine which records or portions thereof may be released. As such the North Florida ESO is unable to respond to your request within the time limits established by the FOIA.

We have completed the search portion of the process. The collected documents still require collation, processing, and review at the staff level and by our solicitors prior to releasing our final response.

Please be assured that your request is being handled as equitably as possible and that all documents which can be released will be made available at the earliest possible date. All requests are handled in chronological order based upon the date of receipt.

You may appeal this delay in response by writing to the Freedom of Information Act Appeals Officer at the following address:

Department of the Interior
Office of the Solicitor
Division of Administration
1849 C Street, N.W.
Room 7456, Main Interior Building
Washington, D.C. 20240
(Attn: FOIA Appeals Office)

You may file an appeal for nonresponse any time after the statutory time limit, which may include the 10-workday time extension, for responding to your request has passed. The appeal letter and envelope should be marked "FREEDOM OF INFORMATION APPEAL." Your appeal should be accompanied by a copy of your original request and this letter, along with any information you have that leads you to believe the records do in fact exist, including where the records might be found, if the location is known to you.

We regret the delay and appreciate your consideration in this matter. Should you have any additional questions, contact me at (904)-232-2580 ext. 109.

Sincerely,

David L. Hankla
Field Supervisor

cc:
FOIA Officer, USFWS Southeast
ARD-ES, USFWS Southeast
FOIA Officer, USFWS Washington



# United States Department of the Interior

### FISH AND WILDLIFE SERVICE
6620 Southpoint Drive, South
Suite 310
Jacksonville, Florida 32216-0912

IN REPLY REFER TO:

FWS/R4/ES/JA/PAO-9Z-0700746

September 11, 2007



Mr. Jeff Ruch
Public Employees for Environmental
   Responsibility (PEER)
200 P Street, NW
Washington, DC 20036

Dear Mr. Ruch:

This letter provides an interim response to your Freedom of Information Act (FOIA) request dated May 31, 2007 concerning the position the U. S. Fish and Wildlife Service (FWS) has taken on the subject of harassment involving swim-with interactions between manatees and humans

Through the FOIA request you wanted to receive copies of

"... All policy statements, correspondence or other communications between, to and from FWS personnel concerning harassment involving swim-with interactions between manatees and humans. ..."

Your request encompassed "... all records on this subject from January 1, 2004 until present and includes all documents that ever have been within your custody or control, whether they exist in agency "working," investigative, retired, electronic mail, or other files currently or at any time."

As stated in our initial response, dated July 13, 2007, the North Florida Ecological Services Office in Jacksonville, FL, as the lead office for West Indian manatee recovery, is coordinating the response. Our search for records began on June 25, 2007.

Because of the voluminous nature of your request, the fact that the records are located at multiple field offices and our regional and Washington offices, as well as a backlog of FOIA requests, additional time is necessary to search for, collect, and review the material to determine which records or portions thereof may be released. As such the North Florida ESO is unable to respond to your request within the time limits established by the FOIA.

We have completed the search portion of the process. The collected documents still require collation, processing, and review at the staff level and by our solicitors prior to releasing our final response.



GOVERNMENT
EXHIBIT
B

Please be assured that your request is being handled as equitably as possible and that all documents which can be released will be made available at the earliest possible date. All requests are handled in chronological order based upon the date of receipt.

You may appeal this delay in response by writing to the Freedom of Information Act Appeals Officer at the following address:

> Department of the Interior
> Office of the Solicitor
> Division of Administration
> 1849 C Street, N.W.
> Room 7456, Main Interior Building
> Washington, D.C. 20240
> (Attn: FOIA Appeals Office)

You may file an appeal for nonresponse any time after the statutory time limit, which may include the 10-workday time extension, for responding to your request has passed. The appeal letter and envelope should be marked "FREEDOM OF INFORMATION APPEAL." Your appeal should be accompanied by a copy of your original request and this letter, along with any information you have that leads you to believe the records do in fact exist, including where they might be found, if the location is known to you.

We regret the delay and appreciate your consideration in this matter. Should you have any additional questions, contact me at (904)-232-2580 ext. 109.

Sincerely,

*Linda D. Walker* (for)

David L. Hankla
Field Supervisor

cc:
FOIA Officer, USFWS Southeast
ARD-ES, USFWS Southeast
FOIA Officer, USFWS Washington