UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
Public Employees For Environmental )
Responsibility          ,          )
                                   )
            Plaintiff,             )
                                   )
      v.                           )      Case No.: 1:08-cv-00126(JDB)
                                   )
U.S. Fish and Wildlife Service,    )      ECF
                                   )
            Defendant.             )
_____)

**STIPULATION OF SETTLEMENT AND DISMISSAL**

Plaintiff, Public Employees For Environmental Responsibility ("PEER"), and Defendant, U.S. Fish and Wildlife Service ("Defendant"), hereby settle and compromise the above-entitled action (the "Litigation") brought under the Freedom of Information Act ("FOIA"), and stipulate and agree to the following provisions:

1. Plaintiff and Defendant, through their authorized representatives, and without admission or final adjudication of the issues of fact or law with respect to Plaintiff's claims have reached a settlement they consider to be an equitable resolution of the litigation.

2. The parties do hereby agree to settle and compromise the claims arising from the acts or omissions that gave rise to the litigation under the terms and conditions set forth herein.

3. Plaintiff acknowledges that on April 17, 2008, Defendant responded to the two FOIA requests that are the subject of this Litigation (2007-00754 and 2007-00746) (collectively referred to herein as the "PEER FOIA Requests").  After reviewing the index and documents Defendant produced, PEER requested in an e-mail dated May 6, 2008 (attached hereto) that the search and production include documents responsive to the PEER FOIA Request up to the

present (defined as May 7, 2008) and that Defendant perform a further search for certain specified documents that fell within the parameters of the PEER FOIA Request but were not produced by Defendant.

    4. In exchange for the Plaintiff's promises as described in paragraph 5 of this agreement, Defendant agrees to produce, subject to any applicable FOIA exemptions, the documents requested by PEER in its May 6, 2008 e-mail on or before July 15, 2008. Should PEER have any questions concerning any redactions or withholding of these documents, PEER and Defendant agree to resolve such questions as expeditiously as possible without further litigation. Defendant also agrees to pay PEER's attorney fees and costs in this litigation in the amount of Four Thousand dollars ($4,000.00).

    5. In exchange for Defendant's promises as described in paragraph 4 of this agreement, PEER agrees it will release, relinquish, and waive any claims it has or may have had against Defendant arising out of this Litigation.

    6. Payment in the amount of $4,000.00 shall be mailed to Peer at the Address listed on the last page of this Agreement, to the attention of Adam Draper, not later than August 1, 2008. The parties agree that this amount represents the entire amount of the compromise settlement. The parties further agree that Defendant is not responsible for any tax liability associated with this payment.

    7. PEER agrees that it will not request or seek any other documents from Defendant arising out of the PEER FOIA Requests besides those indicated in paragraph 4 above, or any other fees or cost associated with those Requests or this Litigation.

8. This Stipulation of Settlement constitutes the full and complete satisfaction of any and all claims arising from (a) the allegations set forth in the complaint filed in this lawsuit and (b) any litigation or administrative proceedings that PEER has brought, could bring, or could have brought regarding the PEER FOIA Requests for any of the information described in this Stipulation of Settlement including any claims that may arise from redactions made or exemptions claimed pursuant to paragraph 4.

9. PEER agrees to release fully the Defendant, its current and former officers, employees, agents, and representatives, from any and all claims and matters resolved by this Stipulation of Settlement, including all claims and issues arising from the PEER FOIA Requests, and claims and issues that were raised or could have been raised in the above-captioned proceeding. PEER and its counsel agree that they will not seek any further relief or bring any further administrative or legal action in any forum against Defendant arising in any way from the PEER FOIA Requests, nor make any other demand for attorney's fees and costs in this proceeding. This Stipulation of Settlement is entered into in full and final disposition, settlement, and satisfaction of PEER's allegations in this case and the issues raised in this proceeding or that could have been raised in this proceeding.

10. This Stipulation of Settlement does not constitute an admission of liability or fault on the part of Defendant, the United States, its officers, agents, servants, or employees, and is entered into by both parties for the sole purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

11. This Stipulation of Settlement is binding upon and inures to the benefit of the parties hereto and their respective successors and assigns.

12. Execution of this Stipulation of Settlement and Dismissal by counsel for PEER and by counsel for Defendant constitutes a dismissal of this lawsuit, with prejudice, effective upon entry by the Court, pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii). Any and all remaining or appealable issues are waived with prejudice.

13. The parties agree that the Court will retain jurisdiction over this matter to enforce the terms of this stipulation.

14. It is contemplated that this Agreement may be executed in several counterparts, with a separate original signature page for each party. All such counterparts and signature pages together, shall be deemed to be one document.

Dated: June 24, 2008

 Respectfully submitted,

| | |
|---|---|
| /s/_____ <br> Noreen Walsh <br> Assistant Regional Director <br> U.S. Fish and Wildlife Service <br> 1875 Century Blvd., Suite 200 <br> Atlanta, GA  30345 <br> 404-679-7085 <br> Defendant | //s//_____ <br> JEFFREY A. TAYLOR, D.C. Bar # 498610 <br> United States Attorney <br><br> /s/_____ <br> RUDOLPH CONTRERAS, D.C. Bar # 434122 <br> Assistant United States Attorney |
| __/s/_____ <br> Adam Draper <br> 2000 P Street, NW, Suite 240 <br> Washington, D.C. 20036 <br> Counsel for Plaintiff | ___/s/_____ <br> Raymond A. Martinez, Tx Bar No.13144015 <br> Assistant United States Attorney <br> 555 Fourth Street, N.W. <br> Washington, D.C.  20530 <br> (202) 514-9150 <br><br> Counsel for Defendant |

**SO ORDERED**, this _____ day of _____, 2008.

_____
John D. Bates
United States District Judge

## Adam Draper

**From:** Adam Draper
**Sent:** Tuesday, May 06, 2008 1:43 PM
**To:** Martinez, Raymond (USADC); 'Katherine Aldrich'
**Cc:** Jeff Ruch; Paula Dinerstein
**Subject:** Settlement Items

Hi Ray and Katherine – we wanted to lay out a little ahead of our call the items we want to address in a settlement so that you and Katherine know where we're coming from.

1) Yesterday (5/5/08) I sent out updated FOIA requests for documents covering the exact same subjects as the original signage and swim-with FOIA requests, but covering the time from the end of USFWS's document search up until the present. This is almost a year's worth of documents in the case of the swim-with request and a little less than that in the case of the signage request. As part of the settlement, we would want USFWS's assurance that these updated requests will be answered within statutory limits – including the allowed 10-day extension.

2) We want FWS to perform an additional search for documents covering the following subjects which fall within our original "signage" FOIA request:

- Documents, emails and training materials involving USFWS instruction to U.S. Coast Guard personnel pertaining to signage adequacy and enforceability;

- Communications from USFWS staff to the Florida Fish and Wildlife Conservation Commission (FWCC) and country/municipal governments regarding the inadequacy of manatee protective signage, leaflets, or other public information mediums, specifically from Eaddy, Kuncir, Lund, Oliveros, Shaw and other former or current USFWS Special Agents and Refuge Officers assigned to manatee duties; and

- Status reports from interagency efforts involving manatee signage, including the FWCC, Florida Inland Navigation District and any other agency or organization involving interagency manatee sign efforts or funding. We are particularly interested in status updates, accomplishment reports and fund accounting involving the interagency agreement between the USFWS and the FWCC for maintenance of Federal manatee signs.

PEER has been told that the above types of documents exist, yet the Master Index for "signage" documents provided by USFWS did not include any of the above types of documents. Further, we have been told that more documents exist outside of those few identified in the Master Index for the following two subjects:

- Documents or emails from the USFWS Division of Law Enforcement discussing Florida waters which are inadequately posted for the purposes of enforcing manatee regulations, with an emphasis on enforcement of Federal and State manatee speed zones

- Notes and briefing documents from USFWS manatee enforcement details about areas with inadequate signage or other factors which would hinder enforcement of manatee regulations, and reports on the results of manatee enforcement details

3) There are several documents identified in the Master Indices that USFWS completely withheld under the "deliberative" privilege, but which PEER believes warrant, at most, segregation/redaction of the deliberative material and production of the remaining material. PEER wants USFWS to revisit these documents:

- Signage FOIA Index:  File #130 (4/25/05)

- Swim-with FOIA Index:  File #s R544-366 (3/25/05); R598-396 (3/6/06); R618-179 (9/1/06); R653-248 (2/21/07); and R721-379 (4/10/07)

5/29/2008

4) Lastly, PEER requests reasonable attorney fees and costs.

Thank you in advance for your consideration of the above items. Talk to you this afternoon.

Adam Draper
Staff Attorney
Public Employees for Environmental Responsibility
2000 P Street NW; Suite 240
Washington, D.C. 20036
p: (202) 265-7337
adraper@peer.org
www.peer.org

5/29/2008